## ACME MILLS, Inc., v. TANNER–BRICE CO.

No. 9398.

Circuit Court of Appeals, Fifth Circuit.

June 26, 1940.

Wm. P. Congdon and Lansing B. Lee, both of Augusta, Ga., and Glenn G. Paxton, of Chicago, Ill., for appellant.

Julian J. Willingham and James M. Hull, both of Augusta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant filed this suit for damages resulting from an alleged breach of contract

by the appellee. On the pleadings and stipulation of counsel, the trial court concluded that the contract had not been breached by the defendant, and granted the peremptory instruction it requested. The correctness of this ruling is the only question for determination on this appeal.

Appellant is a Kentucky corporation engaged in the manufacture and sale of flour; appellee conducts a grocery business in Georgia. On July 20, 1937, the latter purchased 15,000 barrels of flour from appellant, at a stipulated price, to be delivered through December, 1937, in accordance with shipping instructions to be supplied by the purchaser. The contract was drafted on the uniform sales contract form customarily used in the milling business.

Shortly after the contract was signed, the market price of flour appreciably declined, and remained below the contract price throughout the delivery period; and the appellee refused to furnish any shipping instructions under its contract, although repeatedly urged to do so, until after the delivery period had expired. On January 4, 1938, the seller cancelled the contract and demanded damages for the breach thereof. When the termination was communicated to the purchaser on said date, it immediately supplied shipping instructions for part of the flour; but appellant treated the contract as terminated, and refused to honor the order.

■ The provisions of the contract upon which appellant bases the claim for damages authorized it, as to any flour purchased but not shipped because of the buyer's failure to provide shipping instructions, either to cancel the contract, or to terminate it as to any unshipped flour and recover from the buyer, as liquidated damages, a sum computed by a stated formula. Appellant's computation of damages under the formula is admitted to be mathematically correct, but appellee denies any liability, claiming that the appellant cancelled rather than terminated the contract,[1] and that no damages are specified for cancellation, but only for termination.

The trial court properly did not consider this a meritorious defense. Conceding that there is a distinction in meaning, that distinction can avail appellee nothing, because the difference, when applied to a contract, is only one of scope. The words are not synonymous, but the infinitive *to cancel* is embraced by the infinitive *to terminate.* A contract cannot be cancelled without being terminated, although it may be terminated in any of several methods, one of which is by cancellation. Therefore, the very claim that it was cancelled is an admission that it was terminated. Furthermore, appellee was not misled by appellant's action, for the notice of cancellation included a demand for damages, and referred expressly to the contract clause which contained the right of recovery upon termination.

■ Appellee also claims that the attempted cancellation on January 4, 1937, did not become effective, due to the automatic extension provision of the contract,[2] until midnight of that day, during which extended time the appellant breached the contract by refusing to honor the shipping instructions furnished it. Upon this ground, the district court held that the contract was still alive when the flour was ordered, and that appellant's refusal to ship the flour constituted a counter-breach, precluding recovery. We are unable to agree with this construction of the contract. This provision extended the life of the contract from day to day only unless the seller failed to exercise the right to terminate, and expressly provided that such extension should continue only until the seller exercised his right to terminate. There is nothing in the provision either expressly or impliedly postponing the effective operation of the cancellation until the end of the calendar day on which the cancellation is made. The clause is not subject to any construction

---

[1] The telegram cancelling the contract read: "Not having received shipping directions from you on our contract of July 20, 1937, for fifteen thousand barrels of flour, we are exercising seller's rights by cancellation and are charging your account and mailing statement of loss sustained as of market close Dec. 31st."

[2] "Provision for Automatic Extension: If the Buyer shall fail to furnish shipping instructions with package assortments (and necessary packages if sale is made on a bulk basis) * * *, then (unless the Seller elects to exercise his right to cancel or terminate the contract) this contract shall, without notice, automatically be extended from day to day until Buyer furnishes shipping instructions * * *, or until Seller exercises his rights provided herein to cancel or terminate the contract * * *."

**912**

other than that the cancellation effectively terminated the contract from the instant it was communicated.

 Appellee's belated attempt to supply shipping instructions placed no obligation upon the seller. The contract was terminated, and the rights of the parties fixed, prior thereto. The acts complained of being admitted, and the damages being fixed by contract and properly computed, no jury question was involved. Appellant was entitled to the judgment sought as a matter of law, and the peremptory instruction requested by it should have been granted.

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.